# EXHIBIT A

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
SECOND JUDICIAL DISTRICT IN UTQIAGVIK

Filed in the Trial Courts
State of Alaska, Second District
at Utqiagvik

MAR 30 2018

By_____Deputy

John M. Monnin, )
Plaintiff, ) vs. )
) Case No.: 2BA-18- 00079 CI
FORREST OLEMAUN, in his individual and )
official capacity as Chief Administrative )
Officer, North Slope Borough, and the North )
Slope Borough )
)
Defendant )

### Entry of Appearance and Request for Jury Trial

The plaintiff, John M. Monnin, is hereby represented by Robert Campbell, of Caliber Law Group and Isaac Zorea. Please direct all communications to their offices. The plaintiffs, under rule 38 of the Alaska Rules of Civil Procedure and section 16 of Article I of the Constitution, request a trial by jury in this matter.

**CERTIFICATE OF SERVICE:**
Robert Campbell certifies that he is an authorized agent of Caliber Law Group for the service of papers pursuant to Civil Rule 5, and on the date stated herein he sent a true and correct copy of this document to:
NSB CAO and Mayor's Office and Dept of Law
DATE: 3-30-18

_____
Robert Campbell

Dated Mar 30, 2018, at Barrow, Alaska
CALIBER LAW GROUP, LLC

_____
Robert Campbell
ABA 0705016

*Monnin v NSB* Entry and Request for Jury Trial   Page 1 of 1

Caliber Law Group, LLC • PO Box 1303 • Barrow, Alaska 99723
Phone: 907-852-4444/907-442-4778 • Fax: 877-654-9334

Caliber Law Group, LLC
P.O. Box 1303
Barrow, AK 99723
Email: caliberlawgroup@gmail.com
Phone: 907-852-4444

IN THE SUPERIOR COURT OF THE STATE OF ALASKA

SECOND JUDICIAL DISTRICT IN UTQIAGVIK

| | |
|---|---|
| JOHN M. MONNIN, <br><br> Plaintiff, <br><br> vs. <br><br> FORREST OLEMAUN, in his individual and official capacity as Chief Administrative Officer, North Slope Borough, and the North Slope Borough. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2BA-18-    CI <br> ) |

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff above named, John M. Monnin, by and through his attorneys, Robert Campbell and Isaac Derek Zorea, and complains as follows:

### I. JURISDICTION

1.1. At all relevant times, plaintiff, John M. Monnin, was a resident of the Second Judicial District, State of Alaska, and was employed within the North Slope Borough, Alaska.

1.2. Defendant, Forrest Olemaun, Chief Administrative Officer for the North Slope Borough, is an agent of the North Slope Borough, in charge of matters related to personnel and administrative duties for the North Slope Borough.

1.3. At all relevant times, defendant, Forrest Olemaun, was a resident within the Second Judicial District, State of Alaska, and employed within the North Slope Borough.

*Complaint for Damages Monnin v. Olemaun, et al.*

1.4. This is an action filed under 42 U.S.C. § 1983 against Forrest Olemaun in his individual and official capacity, and the State of Alaska has concurrent jurisdiction over this matter.

1.5. The Second Judicial District, Barrow, Alaska, is the proper venue to maintain this current lawsuit involving the named defendants.

## II. FACTS

2.1. Plaintiff, John M. Monnin, was employed as SA-10 Program Manager, North Slope Borough, in charge of program compliance and hiring as a division of Administrative and Finance Department for the North Slope Borough.

2.2. As part of his job, John M. Monnin was in charge of overseeing compliance on awarded governmental contracts related to SA-10, competitive bid contracts and hiring for projects and permanent North Slope Borough employees operating within SA-10.

2.3. Defendant, Forrest Olemaun, works as the Chief Operating Officer for the North Slope Borough, and in this capacity, he manages departments within the North Slope Borough, including Administrative and Finance Department, in which plaintiff was employed.

2.4. In December 2016, Plaintiff, exercising his job duties, identified questionable invoices by Fadil Limani, a person under the general supervision of Forrest Olemaun, and voiced concerns about these invoices to Mr. Limani, and also to Andrew Stemp. These concerns were then relayed to Mr. Olemaun.

2.5. In response to his questions, Mr. Limani threatened Plaintiff and told him to not ask any more questions about invoices or contracts. When Mr. Olemaun knew of this conduct, he did nothing to discipline Mr. Limani.

*Complaint for Damages   Monnin v. Olemaun, et al.*

2.6. During the beginning of 2017, Plaintiff observed irregularities in the competitive bid process over the procurement of services in/at Water Waste Treatment Plant and Hotel RFQ/RFP, and frequently voiced his concerns and objections to North Slope Borough Administration staff. These objections were ignored.

2.7. On May 5, 2017, becoming increasingly concerned about the North Slope Borough's failure to follow the required competitive bid procedures, Plaintiff sent an email to Forrest Olemaun, and other administration officials, specifically voicing his strong objections to the improper process being implemented by the Borough.

2.8. On May 8, 2017, in direct retaliatory response to Plaintiff's email, Felipe Farley, Director of the Law Department, North Slope Borough, sent an email to Plaintiff that adversely impacted his employment by removing certain responsibilities concerning the projects that he stated were being improperly bid upon. Further, Plaintiff was placed under the supervision of Fadil Limani.

2.9. When Plaintiff inquired into who authorized the transfer of his duties, and his reassignment to Mr. Limani's direction, it was discovered that this was done at the direction of Forrest Olemaun, although blame was originally placed on Andrew Stemp, who had been Plaintiff's direct supervisor.

2.10. During the same time that Plaintiff was observing improper competitive bidding on Borough contracts, he also observed irregularities with hiring for positions within SA-10. Specifically, Plaintiff observed and was directed to implement a Native Hiring preference in the selection of employees for jobs within SA-10.

*Complaint for Damages Monnin v. Olemaun, et al.*

2.11. In addition to objecting to the improper competitive bid procedures for Borough contracts, Plaintiff objected to Andrew Stemp and HR about the use of Native preference in hiring. In response to his objections, Mr. Olemaun explained that Native preference in hiring was still part of the Borough's charter and needed to be implemented in hiring decisions, in a memo from Andrew Stemp.

2.12. It is Plaintiff's belief that his job duty reassignment by Forrest Olemaun was a direct response to his objections to the Borough's improper implementation of competitive bid processes in Borough contracts and his objections to Native hiring practices.

2.13. Between May 9, 2017 through May 25, 2017, Plaintiff made significant efforts toward finding internal redress within the Borough related to his job duty modifications. Of particular concern for Plaintiff, was the fact that Forrest Olemaun was requiring Plaintiff to sign off on conduct that he believed to be illegal, unethical and harmful to the North Slope Borough.

2.14. On May 25, 2017, after having no success convincing North Slope Borough administrators to correct the illegal conduct that he observed being committed by Forrest Olemaun and his allies, Plaintiff tendered his resignation, in fear that he could be implicated in the Borough's illegal conduct.

### III. CAUSES OF ACTION

A. VIOLATIONS OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. § 1983 — VIOLATION OF RIGHTS GUARANTEED UNDER THE FIRST AMENDMENT (PROTECTED SPEECH)

3.1. Plaintiff John M. Monnin, incorporates all the facts and allegations listed above, specifically paragraphs 2.1 to 2.14, and alleges that he was retaliated by Forrest Olemaun when he used his rights of free speech guaranteed by the First Amendment.

*Complaint for Damages Monnin v. Olemaun, et al.*

3.2. Specifically, John M. Monnin alleges that Forrest Olemaun, in his individual and official capacity as Chief Administrative Officer for the North Slope Borough, and acting under color of state law, used his position of authority to retaliate against the protected conduct he took to object to questionable and illegal activities concerning competitive bid procedures used within SA-10, North Slope Borough.

3.3. Plaintiff John M. Monnin alleges that he took action protected under the First Amendment when he pointed out to Forrest Olemaun that irregularities had occurred in the competitive bid process for North Slope Borough projects and that correct procedures needed to be implemented to comply with Borough codes.

3.4. Plaintiff John M. Monnin alleges that after he used his free speech, an action protected under the First Amendment, he suffered adverse employment actions against him, which amounted to retaliation.

3.5. Plaintiff John M. Monnin alleges that the improper competitive bid procedures being implemented at the behest of Forrest Olemaun subjected Mr. Monnin to potential civil liabilities, and or could have harmed his business standing due to its illegal and/or unethical nature, such that it created a harmful work environment that necessitated his resignation from his position.

3.6. Plaintiff John M. Monnin alleges that Forrest Olemaun used his position of authority, provided under color of state law, to act in a retaliatory manner to deprive him of the benefits, terms and conditions, of his employment and thereby instituted Mr. Monnin's constructive termination.

3.7. Plaintiff John M. Monnin alleges that Forrest Olemaun acted intentionally and with callous disregard of his clearly established constitutional rights under the First Amendment.

*Complaint for Damages Monnin v. Olemaun, et al.*

3.8. Plaintiff John M. Monnin alleges that Forrest Olemaun acted in an egregious, and vindictive manner, thereby justifying an award of punitive damages for his conduct.

3.9. Plaintiff John M. Monnin alleges that as a direct and proximate result of Forrest Olemaun's violations of his clearly established rights under the First Amendment, he adversely impacted his employment with the North Slope Borough, causing him severe and substantial damages, including financial loss, diminished earning capacity, litigation expenses including attorney fees, loss of reputation, public humiliation, embarrassment, mental and emotional anguish and distress, constructive discharge, and other compensatory damages, in an amount to be determined by a jury and the Court.

B. DISPARATE TREATMENT AND RETALIATION ON THE BASIS OF RACE: VIOLATION OF 42 U.S.C. § 1981.

3.10. Plaintiff John M. Monnin, incorporates all the facts and allegations listed above, specifically paragraphs 2.1 to 2.14, and alleges that he was retaliated by the North Slope Borough when he objected to racially discriminatory hiring practices used by the Borough in violation of the federal statute 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

3.11. During the period of John M. Monnin's employment for defendant, North Slope Borough, he was instructed to follow discriminatory practices in hiring, and terms and conditions of employment, preferring Native-Alaskan employees to non-Native Alaskan employees.

3.12. During the period of his employment, Plaintiff John M. Monnin objected to his supervisors, including Forrest Olemaun, through Andrew Stemp and HR, concerning the disparate hiring policies that the North Slope Borough required him to implement.

*Complaint for Damages Monnin v. Olemaun, et al.*

3.13. Plaintiff John M. Monnin alleges, and affirms, that because he refused to condone the North Slope Borough's disparate policies concerning its hiring, and terms of employment, the Borough permitted him the modification of his work duties, and ignored the retaliatory conduct by Forrest Olemaun, thereby creating a work environment that a reasonable person would find to be dangerous, objectionable, and harmful to his integrity within the community, thus necessitating his resignation.

3.14. Plaintiff, John M. Monnin, alleges that the conduct outlined in paragraph 3.10 to 3.14 above, did violate the protections provided him within federal statute 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, which prohibits disparate treatment and retaliation based on race.

3.15. As compensation for the conduct alleged above, plaintiff, John M. Monnin, seeks all remedies available under 42 U.S.C. § 1981, including but not limited to, compensatory damages, lost pay, lost opportunity for advancement, emotional damages, humiliation, punitive damages, and reasonable actual attorney fees.

## IV. REQUEST FOR JURY TRIAL

4.1. Plaintiff John M. Monnin requests that this case be presented to a jury of his peers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff John M. Monnin requests judgment against defendants Forrest Olemaun, in his individual and official capacity, as Chief Administrative Officer, for the North Slope Borough, and against the North Slope Borough as follows:

*Complaint for Damages Monnin v. Olemaun, et al.*

1. For appropriate compensatory damages, including emotional distress, loss of reputation, loss of life enjoyment, back pay and future pay, against Forrest Olemaun and the North Slope Borough, within the jurisdictional limits of this court, with the exact amount to be proven at trial;

2. For appropriate equitable relief against Forrest Olemaun and the North Slope Borough, as allowed by the Civil Rights Act of 1871, 42 U.S.C. § 1983, including directing to Defendant, and the appropriate Borough agencies, to place John M. Monnin back in his position, with a return of seniority, or compensate him for future damages until his normal retirement.

3. For an award of reasonable attorney's fees and his costs, pursuant to the 42 U.S.C. § 1981, 42 U.S.C. § 1983, as authorized by 42 U.S.C. § 1988;

4. For punitive damages against Forrest Olemaun, based on the egregiousness and outrageousness of his conduct toward John M. Monnin; and

5. For such other and further relief to which Plaintiff may show himself justly entitled.

Dated this 30th day of March 2018.

Robert Campbell
ABA 0705016

*Complaint for Damages Monnin v. Olemaun, et al.*

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT UTQIAGVIK (FORMERLY BARROW)

| | |
|---|---|
| John M Monnin, Plaintiff, vs. Forrest Olemaun, North Slope Borough Defendant. | CASE NO: 2BA-18-00079CI<br><br>**SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT** |

To Defendant: Forrest Olemaun

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at Barrow Courthouse 1250 Agvik Street PO Box 270 Utqiagvik AK 99723 within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:
Plaintiff's attorney or plaintiff (if unrepresented): Robert J Campbell
Address: PO Box 1303 Barrow AK99723

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf, to inform the court.
-OR-
If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

**NOTICE OF JUDICIAL ASSIGNMENT**

To: Plaintiff and Defendant

This case has been assigned to Judge Not Assigned (2BA01)              .

(SEAL)

| | | |
|---|---|---|
| 5/21/2018<br>Date | By: | CLERK OF COURT<br>KSteers<br>Deputy Clerk |

*The state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.
I certify that on      3/30/18     
a copy of this order was mailed or delivered to:
R. Campbell
F. Olemaun

RECEIVED
NSB MAYOR'S OFFICE

MAY 21 2018

ML # 55350

Clerk:      KSteers

CIV-100 (10/17)
Notice Of Judicial Assignment

Civil Rules 4, 5, 12, 42(c), 55

Caliber Law Group, LLC
P.O. Box 1303
Barrow, AK 99723

IN THE SUPERIOR COURT OF THE STATE OF ALASKA

SECOND JUDICIAL DISTRICT IN BARROW

| | |
|---|---|
| JOHN M. MONNIN, <br><br> Plaintiff, <br><br> vs. <br><br> FORREST OLEMAUN, in his official capacity as Chief Administrative Officer, North Slope Borough, and the North Slope Borough. <br><br> Defendant. | Case No. 2BA-18-79 CI |

### FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff above named, John M. Monnin, by and through his attorneys, Robert Campbell and Isaac Derek Zorea, and complains as follows:

### I. JURISDICTION

1.1. At all relevant times, plaintiff, John M. Monnin, was a resident of the Second Judicial District, State of Alaska, and was employed within the North Slope Borough, Alaska.

1.2. Defendant, Forrest Olemaun, Chief Administrative Officer for the North Slope Borough, is an agent of the North Slope Borough, in charge of matters related to personnel and administrative duties for the North Slope Borough.

1.3. At all relevant times, defendant, Forrest Olemaun, was a resident within the Second Judicial District, State of Alaska, and employed within the North Slope Borough.

*Complaint for Damages   Monnin v. Olemaun, et al.*

1.4. This is an action filed under 42 U.S.C. § 1983 against Forrest Olemaun in his official capacity, and the State of Alaska has concurrent jurisdiction over this matter.

1.5. The Second Judicial District, Barrow, Alaska, is the proper venue to maintain this current lawsuit involving the named defendants.

## II. FACTS

2.1. Plaintiff, John M. Monnin, was employed as SA-10 Program Manager, North Slope Borough, in charge of program compliance and hiring as a division of Administrative and Finance Department for the North Slope Borough.

2.2. As part of his job, John M. Monnin was in charge of overseeing compliance on awarded governmental contracts related to SA-10, competitive bid contracts and hiring for projects and permanent North Slope Borough employees operating within SA-10.

2.3. Defendant, Forrest Olemaun, works as the Chief Operating Officer for the North Slope Borough, and in this capacity, he manages department's within the North Slope Borough, including Administrative and Finance Department, in which plaintiff was employed.

2.4. In December 2016, Plaintiff, exercising his job duties, identified questionable invoices by Fadil Limani, a person under the general supervision of Forrest Olemaun, and voiced concerns about these invoices to Mr. Limani, and also to Andrew Stemp. These concerns were then relayed to Mr. Olemaun.

2.5. In response to his questions, Mr. Limani threatened Plaintiff and told him to not ask any more questions about invoices or contracts. When Mr. Olemaun knew of this conduct, he did nothing to discipline Mr. Limani.

*Complaint for Damages Monnin v. Olemaun, et al.*

2.6. During the beginning of 2017, Plaintiff observed irregularities in the competitive bid process over the procurement of services in/at Water Waste Treatment Plant and Hotel RFQ/RFP, and frequently voiced his concerns and objections to North Slope Borough Administration staff. These objections were ignored.

2.7. On May 5, 2017, becoming increasingly concerned about the North Slope Borough's failure to follow the required competitive bid procedures, Plaintiff sent an email to Forrest Olemaun, and other administration officials, specifically voicing his strong objections to the improper process being implemented by the Borough.

2.8. On May 8, 2017, in direct retaliatory response to Plaintiff's email, Felipe Farley, Director of the Law Department, North Slope Borough, sent an email to Plaintiff that adversely impacted his employment by removing certain responsibilities concerning the projects that he stated were being improperly bid upon. Further, Plaintiff was placed under the supervision of Fadil Limani.

2.9. When Plaintiff inquired into who authorized the transfer of his duties, and his reassignment to Mr. Limani's direction, it was discovered that this was done at the direction of Forrest Olemaun, although blame was originally placed on Andrew Stemp, who had been Plaintiff's direct supervisor.

2.10. During the same time that Plaintiff was observing improper competitive bidding on Borough contracts, he also observed irregularities with hiring for positions within SA-10. Specifically, Plaintiff observed and was directed to implement a Native Hiring preference in the selection of employees for jobs within SA-10.

2.11. In addition to objecting to the improper competitive bid procedures for Borough contracts, Plaintiff objected to Andrew Stemp and HR about the use of Native preference in hiring. In response to his objections, Mr. Olemaun explained that Native preference in hiring was still part of the Borough's charter and needed to be implemented in hiring decisions, in a memo from Andrew Stemp.

2.12. It is Plaintiff's belief that his job duty reassignment by Forrest Olemaun was a direct response to his objections to the Borough's improper implementation of competitive bid processes in Borough contracts and his objections to Native hiring practices.

2.13. Between May 9, 2017 through May 25, 2017, Plaintiff made significant efforts toward finding internal redress within the Borough related to his job duty modifications. Of particular concern for Plaintiff, was the fact that Forrest Olemaun was requiring Plaintiff to sign off on conduct that he believed to be illegal, unethical and harmful to the North Slope Borough.

2.14. On May 25, 2017, after having no success convincing North Slope Borough administrators to correct the illegal conduct that he observed being committed by Forrest Olemaun and his allies, Plaintiff tendered his resignation, in fear that he could be implicated in the Borough's illegal conduct.

### III. CAUSES OF ACTION

A. <u>Violations of Civil Rights Pursuant to Title 42 U.S.C. § 1983 — Violation of Rights Guaranteed Under the First Amendment (Protected Speech)</u>

3.1. Plaintiff John M. Monnin, incorporates all the facts and allegations listed above, specifically paragraphs 2.1 to 2.14, and alleges that he was retaliated by Forrest Olemaun when he used his rights of free speech guaranteed by the First Amendment.

*Complaint for Damages Monnin v. Olemaun, et al.*

3.2. Specifically, John M. Monnin alleges that Forrest Olemaun, in his individual and official capacity as Chief Administrative Officer for the North Slope Borough, and acting under color of state law, used his position of authority to retaliate against the protected conduct he took to object to questionable and illegal activities concerning competitive bid procedures used within SA-10, North Slope Borough.

3.3. Plaintiff John M. Monnin alleges that he took action protected under the First Amendment when he pointed out to Forrest Olemaun that irregularities had occurred in the competitive bid process for North Slope Borough projects and that correct procedures needed to be implemented to comply with Borough codes.

3.4. Plaintiff John M. Monnin alleges that after he used his free speech, an action protected under the First Amendment, he suffered adverse employment actions against him, which amounted to retaliation.

3.5. Plaintiff John M. Monnin alleges that the improper competitive bid procedures being implemented at the behest of Forrest Olemaun subjected Mr. Monnin to potential civil liabilities, and or could have harmed his business standing due to its illegal and/or unethical nature, such that it created a harmful work environment that necessitated his resignation from his position.

3.6. Plaintiff John M. Monnin alleges that Forrest Olemaun used his position of authority, provided under color of state law, to act in a retaliatory manner to deprive him of the benefits, terms and conditions, of his employment and thereby instituted Mr. Monnin's constructive termination.

3.7. Plaintiff John M. Monnin alleges that Forrest Olemaun acted intentionally and with callous disregard of his clearly established constitutional rights under the First Amendment.

3.8. Plaintiff John M. Monnin alleges that as a direct and proximate result of Forrest Olemaun's violations of his clearly established rights under the First Amendment, he adversely impacted his employment with the North Slope Borough, causing him severe and substantial damages, including financial loss, diminished earning capacity, litigation expenses including attorney fees, loss of reputation, public humiliation, embarrassment, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

B. <u>DISPARATE TREATMENT AND RETALIATION ON THE BASIS OF RACE: VIOLATION OF 42 U.S.C. § 1981.</u>

3.10. Plaintiff John M. Monnin, incorporates all the facts and allegations listed above, specifically paragraphs 2.1 to 2.14, and alleges that he was retaliated by the North Slope Borough when he objected to racially discriminatory hiring practices used by the Borough in violation of the federal statute 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

3.11. During the period of John M. Monnin's employment for defendant, North Slope Borough, he was instructed to follow discriminatory practices in hiring, and terms and conditions of employment, preferring Native-Alaskan employees to non-Native Alaskan employees.

3.12. During the period of his employment, Plaintiff John M. Monnin objected to his supervisors, including Forrest Olemaun, through Andrew Stemp and HR, concerning the disparate hiring policies that the North Slope Borough required him to implement.

3.13. Plaintiff John M. Monnin alleges, and affirms, that because he refused to condone the North Slope Borough's disparate policies concerning its hiring, and terms of employment,

*Complaint for Damages   Monnin v. Olemaun, et al.*

the Borough permitted him the modification of his work duties, and ignored the retaliatory conduct by Forrest Olemaun, thereby creating a work environment that a reasonable person would find to be dangerous, objectionable, and harmful to his integrity within the community, thus necessitating his resignation.

3.14. Plaintiff, John M. Monnin, alleges that the conduct outlined in paragraph 3.10 to 3.14 above, did violate the protections provided him within federal statute 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, which prohibits disparate treatment and retaliation based on race.

3.15. As compensation for the conduct alleged above, plaintiff, John M. Monnin, seeks all remedies available under 42 U.S.C. § 1981, including but not limited to, compensatory damages, lost pay, lost opportunity for advancement, emotional damages, humiliation, punitive damages, and reasonable actual attorney fees.

## IV. REQUEST FOR JURY TRIAL

4.1. Plaintiff John M. Monnin requests that this case be presented to a jury of his peers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff John M. Monnin requests judgment against defendants Forrest Olemaun, in his official capacity, as Chief Administrative Officer, for the North Slope Borough, and against the North Slope Borough as follows:

1. For appropriate compensatory damages, including emotional distress, loss of reputation, loss of life enjoyment, back pay and future pay, against Forrest Olemaun and the

*Complaint for Damages   Monnin v. Olemaun, et al.*

North Slope Borough, within the jurisdictional limits of this court, with the exact amount to be proven at trial;

2. For appropriate equitable relief against Forrest Olemaun and the North Slope Borough, as allowed by the Civil Rights Act of 1871, 42 U.S.C. § 1983, including directing to Defendant, and the appropriate Borough agencies, to place John M. Monnin back in his position, with a return of seniority, or compensate him for future damages until his normal retirement.

3. For an award of reasonable attorney's fees and his costs, pursuant to the 42 U.S.C. § 1981, 42 U.S.C. § 1983, as authorized by 42 U.S.C. § 1988;

4. For such other and further relief to which Plaintiff may show himself justly entitled.

Dated this 4th Day of June, 2018.

Robert Campbell
ABA 0705016

This amended complaint was served to Thomas Amodio, attorney for defendants on: 6-4-18
Signed by:

*Complaint for Damages   Monnin v. Olemaun, et al.*